O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#125

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4451 PSG (AGRx) | Date | June 14, 2010 |
|---|---|---|---|
| Title | Chevron U.S.A., Inc. v. Frydoun Sheikhpour | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Denying Defendant's *Ex Parte* Application for Order of the Court Continuing Hearing Date upon Chevron's Motion to Enforce Settlement

    Pending before the Court is Defendant's *Ex Parte* Application for Order of the Court Continuing Hearing Date upon Chevron's Motion to Enforce Settlement.  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving and opposing papers, the Court DENIES Defendant's *ex parte* application.

I.   Background

    On May 4, 2010, Plaintiff Chevron U.S.A., Inc. ("Plaintiff") filed a Motion to Enforce Settlement, setting June 21, 2010 as the hearing date for the motion.  On June 8, 2010, Defendant filed an *ex parte* application to continue the hearing date from June 21, 2010 to June 28, 2010.  On June 9, 2010, Plaintiff filed a timely opposition.

II.   Legal Standard

    The law on *ex parte* applications is well-settled in this Circuit.  In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect.  *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  As the Court's Standing Order makes clear, "[e]x parte applications are solely for extraordinary relief."  *Standing Order* ¶ 10.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  **#125**

| Case No. | CV 07-4451 PSG (AGRx) | Date | June 14, 2010 |
|---|---|---|---|
| Title | Chevron U.S.A., Inc. v. Frydoun Sheikhpour | | |

III.  Discussion

Defendant seeks a one-week continuance due to a scheduling conflict.  Defendant's counsel, Kenneth P. Roberts, claims that his family scheduled and paid for a vacation to Hawaii, with a June 19, 2010 departure date and a June 26, 2010 return date.  *See App.* 2:10-12.  Defendant further contends that no other lawyer at the Law Offices of Kenneth P. Roberts is qualified to attend the hearing in Mr. Roberts' place.  *See id.* at 2:15-3:1.  Even if Plaintiff failed to provide adequate notice of the motion pursuant to Local Rule 7-3, as argued in Defendant's application, Defendant was put on notice of the hearing date at least when the motion was filed on May 4, 2010.  Defendant could have informed the Court of the scheduling conflict at an earlier time, and the Court could have set an earlier hearing date that would have been convenient for all parties and for the Court.

To justify *ex parte* relief, applicants must demonstrate why they should be allowed to "go to the head of the line in front of all other litigants and receive special treatment."  *Mission Power*, 883 F. Supp. at 492.  That showing is noticeably absent from Defendant's application.  Moreover, "[e]x parte applications are not intended to save the day for parties who have failed to present requests when they should have . . . ."  *Id.*  Despite being made aware of the hearing date on May 4, 2010, Defendant waited until June 8, 2010—more than a month later—to file this application.  Mr. Roberts claims that there was uncertainty regarding his continued representation of Defendant Frydoun Sheikhpour, *see Roberts Decl.* ¶ 11, but notes elsewhere that Plaintiff's counsel would have been notified of Mr. Roberts' unavailability had Plaintiff's counsel complied with Local Rule 7-3, *see id.* ¶ 5.  Moreover, Defendant acknowledges that another attorney at the firm, Mr. Michael B. Smith, is "technically" available to attend the hearing.  For these reasons, the Court finds that Defendant has failed to demonstrate that ex parte relief is warranted under the present circumstances.

IV.  Conclusion

Based on the foregoing, the Court DENIES Defendants' *ex parte* application for a continuance.  However, the Court finds Plaintiff's Motion to Enforce Settlement appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  **The matter is hereby taken under submission, and the June 21, 2010 hearing is taken off calendar.**

**IT IS SO ORDERED.**