| Case No. | CV 07-4451 PSG (AGRx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Chevron U.S.A., Inc. v. Frydoun Sheikhpour | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order GRANTING Chevron's request for attorneys fees**

Pending before the Court is Plaintiff's motion for attorneys' fees. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers submitted in support of and in opposition to these motions, the Court hereby GRANTS the motion and awards Plaintiff **$72,637.15** in attorneys' fees and costs.

I.  Background

On July 10, 2007, Plaintiff Chevron U.S.A., Inc. ("Plaintiff" or "Chevron") filed suit against Defendant Frydoun Sheikhpour ("Sheikhpour"), alleging that Sheikhpour had violated various provisions of agreements related to two gas stations in South Pasadena and Manhattan Beach. *See* Dkt. # 1. Sheikhpour filed a counterclaim, alleging that Plaintiff concealed material facts from him at the time of his purchase. *See* Dkt. # 14. On August 26, 2008, the Court dismissed the case, expressly retaining jurisdiction to enforce the terms of a Settlement Agreement between the parties. *See* Dkt. # 117. Subsequently, the Court granted a motion by Chevron to enforce the Settlement Agreement, *see* Order Granting Pl.'s Mot. to Enforce Settlement, Dkt. # 147, and, a few months later, denied Sheikhpour's motion to reconsider that Order. *See* Dkt. # 163 (Sept. 24, 2010).

On April 11, 2011, the Court granted Chevron's motion to (once again) enforce the Settlement Agreement and enjoin Mr. Sheikpour from pursuing a related action in state court on grounds of res judicata. *See* Dkt. # 193 (Apr. 11, 2011) ("April 2011 Order"). Having prevailed on this motion, Chevron now seeks to recover reasonable attorneys' fees and costs it incurred in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

O

#194

| Case No. | CV 07-4451 PSG (AGRx) | Date | June 9, 2011 |
| Title | Chevron U.S.A., Inc. v. Frydoun Sheikhpour | | |

bringing the motion. Specifically, Chevron requests an Order requiring Sheikhpour to pay Chevron $119,876.52 in fees and costs.

II. Legal Standard

Under the "American Rule," each party to a lawsuit is generally responsible for its own attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). Ordinarily, the prevailing party in a lawsuit does not collect fees absent contractual or statutory authorization. *See Int'l Union of Petroleum & Indus. Workers v. Western Indus. Maintenance, Inc.,* 707 F.2d 425, 428 (9th Cir. 1983). Upon determining that a fee award is in order, the court must calculate the proper amount of the award to ensure that it is reasonable. *See Hensley*, 461 U.S. at 433-34. Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (internal citations omitted). The moving party has the burden to produce evidence that the rates and hours worked are reasonable. *See Intel Corp. v. Terabyte Int'l*, 6 F.3d 614, 623 (9th Cir. 1983).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). In such cases, a district court may make upward or downward adjustments to the presumptively reasonable lodestar on the basis of the following factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526, F.2d 67, 69-70 (9th Cir. 1975): (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the necessary skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys on the case; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. To the extent that the *Kerr* factors are used to adjust the first prong determination of "reasonable" hours times "reasonable" rate, they may not be "double count[ed]" later. *See Corder v. Gates*, 947 F.2d 374, 377 (9th Cir. 1991).

III. Discussion

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

#194

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-4451 PSG (AGRx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Chevron U.S.A., Inc. v. Frydoun Sheikhpour | | |

Section 6.9 of the parties' Settlement Agreement expressly provides that a prevailing party is entitled to reasonable attorney's fees, as well as costs. *See Lovrien Decl.*, Ex. H, § 6.9; *see also* Cal. Civ. Proc. Code § 1021 ("[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties."). It is further undisputed that Chevron prevailed in its motion to enjoin the state court proceedings. *See* Dkt. # 193 (Apr. 11, 2011). Accordingly, the parties agree that Chveron, as the prevailing party, is entitled to an award of reasonable attorneys' fees and costs under the terms of the Settlement Agreement.

They disagree, however, about whether Chevron's requested sum of $119,876.52 is reasonable. Chevron seeks to recover $97,889.80 in legal fees (based on 264.20 hours of work by attorneys at Jones Day), and $6,986.72 in costs for researching, drafting, and arguing its motion (and reply) and in researching and drafting its demurrer to the state court complaint, for a total of $104,876.52. *See Lovrien Decl.* ¶¶ 2-3; *Mot.* 4:20-24. It further requests an additional $15,000, to account for the fees and costs which would likely be incurred in bringing this motion for fees, responding to Sheikhpour's opposition and preparing for and arguing at the hearing.[1]

Sheikhpour characterizes Chevron's request as excessive and unreasonable. Arguing that Chevron failed to meet its burden of justifying 264.20 hours of fees, he contends that the Court should reduce the amount sought to account for duplicative and unnecessary entries. *Opp'n* 2:20-3:25. Although Sheikhpour does not counter Chevron's request with a precise figure, he asserts that "expanding in excess of 160 hours to file a motion to enforce a settlement agreement and demurrer is unreasonable and unjust." *Id.* 4:25-26.

  A.  <u>Lodestar Analysis</u>

Under the "lodestar" method of fee calculation used in this Circuit, the Court must multiply the "reasonable" hourly rate by the number of hours "reasonably" expended in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *see also Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998) (citing *Hensley*, 461 U.S. at 433). The resulting "lodestar" figure is presumptively reasonable. *See Morales v. City of San Rafael*, 96 F.3d 359, 364, n.8 (9th Cir. 1996).

    1.  *Reasonableness of the Hourly Rate*

---

[1] Thus, the total amount of fees sought by Chevron is the sum of $104,876.52 and $15,000, or $119,876.52.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#194**

CIVIL MINUTES - GENERAL

| Case No. | CV 07-4451 PSG (AGRx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Chevron U.S.A., Inc. v. Frydoun Sheikhpour | | |

In calculating the lodestar figure, the Court must ensure that Chevron's counsel's hourly rate is reasonable. *See Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *cf. Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992) (acknowledging that the "district court has a great deal of discretion in determining the reasonableness of the fee."). Given that Sheikhpour does not contest the reasonableness of Chevron's counsel's rates, this inquiry need not detain the Court long. According to the affidavit of Jones Day partner Christopher Lovrien, Mr. Lovrien bills at an hourly rate of $700/hour; Jones Day associate Nathan Garrett's time is billed out at $436/hour; and Jones Day associate Joseph Alexrad's billing rate is $325/hour. *Lovrien Decl.* ¶¶ 6-8. The Jones Day attorneys were also assisted in this matter by a paralegal, who works at an hourly rate of $275/hour. *Id.* ¶ 9.

The Court finds that these rates are not unreasonable for experienced lawyers in the Los Angeles market. Accordingly, the Court accepts Chevron's counsel's assertions that their hourly rates are reasonable.

2. *Reasonableness of the Number of Hours*

Next, the Court must inquire as to whether 264.20 hours were "reasonably" expended in this matter. The declaration submitted by Chevron's counsel in support of this motion asserts as follows:

| Attorney | Hours Billed (2/17/11 to 4/11/11) |
|---|---|
| C. Lovrien *(partner)* | **64.80** |
| N. Garrett *(associate)* | **84.80** |
| J. Axelrad *(associate)* | **110.60** |
| A. Dufault *(paralegal)* | **4.00** |

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#194**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4451 PSG (AGRx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Chevron U.S.A., Inc. v. Frydoun Sheikhpour | | |

| Total: | **264.20 hours** |
|---|---|

In the Court's view, however, it was neither reasonable nor necessary for Chevron's counsel to spend 264.20 hours pursuing this matter. Upon reviewing the items which appear in the billing statement, in conjunction with the declaration submitted in support of Chevron's motion, the Court finds many of the entries duplicative and unnecessary. For instance, as Sheikhpour points out, Chevron's counsel's billing records reflect that the motion to enforce the Settlement Agreement was drafted, edited, and revised on twenty-nine separate occasions; the reply brief was reviewed and revised fourteen times. *Opp'n* 3:2-10. While Chevron's counsel is correct in noting that the protracted litigation of this case has produced "voluminous" records, the dispositive inquiry before the Court in Chevron's motion – whether a common nucleus of facts existed between Sheikhpour's federal counter-claim and his state court case – does not require strict scrutiny of every filing submitted in connection with the litigation. Similarly, none of the legal issues presented in the motion to enjoin state court proceedings were sufficiently novel or complex as would justify the hours Chevron's counsel claim to have incurred on researching and drafting. Accordingly, the Court concludes that the amendments set forth below better approximate the hours "reasonably" expended by Chevron's counsel in pursuing a motion to enforce the settlement and enjoin state court proceedings, as well a demurrer to Sheikhpour's state court complaint.

| Attorney | Hours Billed (2/17/11 to 4/11/11) |
|---|---|
| C. Lovrien *(partner)* | ~~64.80~~ **43.2 hours** |
| N. Garrett *(associate)* | ~~84.80~~ **56.54 hours** |
| J. Axelrad *(associate)* | ~~110.60~~ **55.3 hours** |
| A. Dufault *(paralegal)* | 4.00 hours |
| **Total:** | ~~264.20 hours~~ **159.04 hours** |

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**O**

**#194**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4451 PSG (AGRx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Chevron U.S.A., Inc. v. Frydoun Sheikhpour | | |

3.  *Calculation of the Lodestar Sum*

Upon multiplying the reasonable hourly rate by the number of hours reasonable expended, the Court calculates the lodestar amount as follows:

| Attorney | Reasonable Hours | Reasonable Hourly Rate | Amount of fees billed |
|---|---|---|---|
| C. Lovrien *(partner)* | 43.2 | $700/hour | $30,240.00 |
| N. Garrett *(associate)* | 56.54 | $436/hour | $24,651.44 |
| J. Axelrad *(associate)* | 55.3 | $325/hour | $17,972.50 |
| A. Dufault *(paralegal)* | 4.00 | $275/hour | $1,100.00 |
| **Total:** | 159.04 | | **$73,963.94** |

B.  <u>Additional Adjustments To The Lodestar Figure</u>

Once the lodestar figure is calculated, a court has discretion to adjust the figure based on certain factors. *See Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975). Here, while many of the *Kerr* factors were subsumed within the initial calculation of reasonable hours,[2] two

---

[2] Specifically, the factors considered in computing the lodestar figure include the time and labor required; the novelty and difficulty of the questions involved; skill requisite to perform the legal service properly; the experience, reputation, and ability of the attorneys; and the customary fee and awards in similar cases. The Court further notes that it need not address every factor enumerated in *Kerr*, "because most are not matters on which anything is at issue or needs to be

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#194

CIVIL MINUTES - GENERAL

| Case No. | CV 07-4451 PSG (AGRx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Chevron U.S.A., Inc. v. Frydoun Sheikhpour | | |

additional adjustments to the lodestar figure are warranted. First, the Court finds it appropriate to apply an 18% discount to the lodestar sum to reflect what appears to have been Chevron's counsel's original arrangement. *See Lovrien Decl.*, Ex. A. By this measure, the lodestar sum is reduced from $73,963.94 to $60,650.43.

Second, the Court is unwilling to grant Chevron's counsel's blanket request for $15,000.00 as compensation for its work in preparing and filing the present motion given that this figure is un-tethered to any itemized billing statements in the record. However, as Chevron's counsel clearly did reasonably expend some time and effort in bringing this motion, the Court finds it appropriate to add $5,000 to the lodestar figure, thereby bringing the award to $65,650.43.[3]

      C.      Request for Costs

Chevron's counsel further seeks to recover $6,986.72 in costs, for charges incurred in connection with the legal services provided. *See Lovrien Decl,* Ex. A. Although Sheikhpour appears to contest this, *see Opp'n* 2: 12-13 ("Chevron sites [sic] no authority what so ever [sic] to substantiate approximately $7,000.00 in costs for its own convenience."), the Settlement Agreement expressly contemplates that a prevailing party would be entitled to "court costs, pre-litigation and litigation expenses" in addition to fees. *See Lovrien Decl.,* Ex. H, § 6.9. Accordingly, the Court finds that Chevron's counsel is entitled to costs in the amount of $6,986.72.

IV.      Conclusion

Based on the foregoing, the Court GRANTS Chevron's motion for attorneys' fees. Plaintiff is hereby awarded $65,650.43 in attorneys' fees and $6,986.72 in costs, for a total sum of **$72,637.15**.

      **IT IS SO ORDERED.**

---

said." *McGinnis v. Ky. Fried Chicken of Cal.,* 51 F.3d 805, 809 (9th Cir. 1994).

[3] Given that no disputed questions of law were presented in this motion, as well as the fact that the Court took the matter under submission and no hearing was held, the Court finds it appropriate to substantially reduce Chevron's counsel's request for $15,000.00 to $5,000.00 in fees for work incurred in preparing the moving and reply briefs in support of this motion.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#194**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4451 PSG (AGRx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Chevron U.S.A., Inc. v. Frydoun Sheikhpour | | |